**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marcus WHITFIELD, Defendant–
Appellant.**

No. 08–10143.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2009.

Filed Jan. 27, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Derek Owens, U.S. Attorney's Office, San Francisco, CA, for Plaintiff–Appellee.

Geoffrey A. Hansen, Chief Assistant Federal Public Defender, Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: WALLACE, FARRIS and McKEOWN, Circuit Judges.

## MEMORANDUM *

Marcus Whitfield appeals from a conviction by conditional guilty plea for being a felon in possession of a firearm and a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1). Whitfield appeals the district court's denial of his motion to suppress a loaded firearm seized pursuant to a warrantless probationary search. Whitfield argues police officers did not have probable cause to believe that he resided at 1855 Sunnydale Avenue—the residence in which they found the loaded firearm—and that consequently, the gun

and ammunition discovered in the warrantless search should be suppressed. Whitfield further asserts that the district court's failure to hold an evidentiary hearing complicates the resolution of his appeal and that he asked the district court to hold an evidentiary hearing should disputed facts become relevant to the resolution of his claim. We review de novo the district court's denial of the suppression motion. *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir.2004) (en banc). Where no findings of fact were made by the district court, "this court will uphold the denial of the motion to suppress if there is a reasonable view of the evidence that will sustain it." *United States v. Davis*, 332 F.3d 1163, 1167 (9th Cir.2003) (internal citations omitted).

In light of *Motley v. Parks*, 432 F.3d 1072 (9th Cir.2005) (en banc), the district court did not err when it concluded that police officers had "probable cause to believe that they [were] at [Whitfield's] residence" when they conducted the warrantless probationary search. *Id.* at 1080. Whitfield listed 1855 Sunnydale Avenue as his official probation address. Whitfield had a duty under his probation terms to update this address whenever he moved. Though there were some indices that Whitfield may have lived at more than one address-most notably, an official parole address in Sausalito, California-officers were not required to possess absolute certainty of Whitfield's residence. The law requires instead that there be a sound and reasonable basis to believe Whitfield resided at 1855 Sunnydale. *See id.* at 1082 ("The lynchpin is whether the officer's reliance on the information was objectively reasonable."). Whitfield's girlfriend reported a domestic incident at 1855 Sunnydale, she

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

flagged down the officers near there, and Whitfield was later arrested a few blocks away. The officers' reliance on the information before them was reasonable, and nothing that occurred later compelled a different conclusion. We affirm the district court's denial of Whitfield's motion to suppress the loaded firearm.

Based on the record, "a reasonable view of the evidence ... will sustain" the district court's denial of Whitfield's motion to suppress. *Davis*, 332 F.3d at 1167. Consequently, no evidentiary hearing is required.

**AFFIRMED.**